STATE OF MISSOURI ex rel. WOODSIDE v. WOOD-
SIDE.

St. Louis Court of Appeals, May 2, 1905.

STENOGRAPHERS: Interpretation of Statutes. Under the session
acts of 1893, pages 270 and 271, allowing official court stenog-
raphers reimbursement for "sums of money actually expended
in necessary travelling expenses," a court stenographer can-
not be allowed pay for travelling expenses which he paid in
work for the attorney of the railroad instead of in money.

Original proceeding. Mandamus against L. B.
Woodside, Judge of Circuit Court of Laclede County.

WRIT DENIED.

GOODE, J.—This is an original proceeding in
which a writ of mandamus is prayed against the de-
fendant as judge of the nineteenth judicial circuit. An
alternative writ was waived. The plaintiff is the offi-
cial stenographer of that circuit. He resides at Salem,
in Dent county, and in the course of official duty at-
tended the August term, 1903, and the February and
August terms, 1904, of the circuit court of Laclede
county. His route was over the St. Louis & San Fran-
cisco Railroad from Salem to Lebanon, a distance of 135
miles. The regular railroad fare for the journey is
$4.40 and his expenditure going and returning for the
three terms would have been $26.40. Laclede county
has less than 45,000 inhabitants. It is averred that the
regular fare ($26.40) which the plaintiff would have
had to pay, but for the facts hereinafter stated, in at-
tending said terms of the Laclede county circuit court,
did not exceed the sum of two dollars a day for the time
he was in attendance on said court. Relator actually
paid no money for railroad fare because he had made an
arrangement with the attorney of the St. Louis & San
Francisco Railroad Company, who attends to the legal

business of said company within the nineteenth judicial circuit, by which it was agreed that if the relator would do all the stenographic work said attorney might desire to have done in behalf of said railroad company, during each term of court within said circuit, and prepare for the use of said attorney a copy of the transcript of the evidence in all appeals taken by said company, said attorney would furnish the relator transportation over the railroad in said circuit. Pursuant to that agreement it is alleged the relator furnished transcripts of the evidence in all appeals taken in behalf of said company and the attorney, to compensate him, furnished transportation over the railroad; therefore it was unnecessary for relator actually to pay money for railroad fare in going from his home to the Laclede county circuit court. For this reason the respondent refused to certify and approve relator's account for railroad fare in attending the circuit court. It is not denied that relator's railroad fare in attending the terms stated, was $26.40, as he alleges; or that said sum, together with relator's hotel and other traveling expenses, would not have exceeded the sum of two dollars a day, while the relator was in attendance on the Laclede circuit court. The refusal to certify and approve his account for railroad fare was based exclusively on the fact that he paid out no money for such fare. The statute reads:

"Every official stenographer of a circuit court, or of a criminal court, in this State in counties having 45,000 inhabitants or less, shall be allowed and paid all sums of money actually expended by him in necessary hotel and traveling expenses while engaged in attending any regular, special or adjourned term of court at any place in the circuit in which he is appointed such official stenographer, or other than the place of his residence therein, or while engaged in going to and from any such place for the purpose of attending such terms of court: Provided, however, that said necessary hotel and traveling expenses shall be limited to the sum of

two dollars per day, and such sums of money for said expenses shall be paid out of the county treasury of the county in which said term of court shall be held in the same manner that the per diem of official stenographers in counties having 45,000 inhabitants or less are now paid by law; but such necessary expenses shall include nothing except actual traveling fare and not more than two dollars each day for board and lodging; and no money shall be paid from the treasury of any county under the provisions of this section until the judge of the circuit or criminal court of said county shall approve an itemized account showing all such actual expenses incurred by said official stenographer." [Session Acts 1903, pp. 270, 271.]

It will be perceived that the effect of the action of the judge of the circuit court is to deny the relator any allowance for railroad fare because he paid his fare in work instead of money; and at first we were convinced the learned judge was in error. But after weighing the matter and taking account of the words "sums of money actually expended by him (i. e., the stenographer) in necessary hotel and traveling expenses," and the other words that "such necessary expenses shall include nothing except actual traveling fare," our opinion has changed. There is much equity and reason in the interpretation of the law insisted on by the relator. But the doctrine of equitable interpretation has been abandoned. [2 Sutherland, Stat. Const. (2 Ed.), sec. 587.] Though no harm might come from allowing stenographers to pay their traveling expenses in work instead of money and obtain from counties the reasonable value of their work, we feel that the law has not authorized such a course. Labor actually done is not "sums of money actually expended;" and counties can be required to reimburse stenographers only for sums of money actually expended for traveling expenses. Such is the language of the Legislature and we must respect it. [Aultmann v. Daggs, 50 Mo. App. 280.] The strict wording of the

statute was doubtless intended to safeguard counties against stuffed expense accounts; and while this danger would be escaped under the strong evidence presented by the present relator in support of the value of the work he did for his railroad fare, it might not always be escaped. But the language used is so precise and definite that to rule as the relator asks us to, would alter the statute. It is, therefore, ordered that the peremptory writ of mandamus be denied. All concur.